# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                        Case No. 14-30036-DHW
                                             Chapter 13
STEPHANIE PARHAM WAUGH,
CLINT MARTIN WAUGH,

        Debtors.

_____

STEPHANIE PARHAM WAUGH,
CLINT MARTIN WAUGH,

        Plaintiffs,

v.                                           Adv. Proc. 14-03102-DHW

ALABAMA GAS CORPORATION,

        Defendant.

## ORDER GRANTING MOTION TO DISMISS

In this complaint, the debtors, Stephanie and Clint Waugh, seek damages against Alabama Gas Corporation (hereinafter "Alagasco") for its alleged willful violation of the automatic stay. Alagasco filed a Motion to Dismiss (Doc. #5) the case asserting that the court lacks subject matter jurisdiction over this adversary proceeding due to the dismissal of the underlying bankruptcy case. For the following reasons, the court finds that the adversary proceeding is due to be dismissed.

### Jurisdiction

The court's jurisdiction in this adversary proceeding is derived from 28 U.S.C. § 1334 and from an order of The United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the bankruptcy court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, because this adversary proceeding involves an alleged violation of the automatic stay, this is a core proceeding under 28 U.S.C. §

157(b)(2), thereby extending this court's jurisdiction to the entry of a final order of judgment.

## Undisputed Facts

The debtors filed their chapter 13 petition on January 6, 2014. Shortly after the case commenced, Alagasco sought a deposit of $456.00 in order for the debtors to receive the utility service. The debtors filed a motion with the court seeking a reasonable utility deposit, which was granted so that the deposit was set at $125.00 by court order on January 22, 2014 (Case No. 14-30036-DHW Docs. #21&25).

Subsequently, Alagasco mailed a letter to the debtors dated February 7, 2014. The letter indicated that the debtors had pre-petition gas usage which had not been billed and would thus be added to the next invoice. The letter included a phone number for the debtors to call to make arrangements for payment or to seek additional information. The debtors' complaint alleges that this letter was a willful violation of the automatic stay and seeks actual, compensatory and punitive damages, plus attorney fees and costs.

The adversary proceeding was filed on August 14, 2014. The debtors' chapter 13 plan was set for a confirmation hearing on August 4, 2014. At the confirmation hearing, the trustee raised an objection to the confirmation due to the debtors having failed to appear at the meeting of creditors and failed to commence making payments in the case. Counsel for the debtors offered no defense, but requested ten days to convert the case to one under chapter 7 before the case was dismissed. The court entered an order denying confirmation of the plan and dismissing the case effective August 18, 2014 unless the case was converted to one under chapter 7 prior to that date (Case No. 14-30036-DHW Doc. #53). The case was not converted and was dismissed effective August 18, 2014, two business days after the complaint initiating this adversary proceeding was filed.

## Conclusions of Law

"[T]he automatic stay plays a vital role in bankruptcy. It is designed to protect debtors from all collection efforts while they attempt to regain their financial footing." *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992). "The automatic stay is among the most basic of debtor protections under bankruptcy law." *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 975 (1st Cir. 1997). "In order to secure" this important protection, "courts must display a certain rigor in reacting to violations of the automatic stay." *Id.* at

975-76. "Congress considered the automatic stay provision one of the most important in the Bankruptcy Code." *British Aviation Ins. Co. v. Menut (In re State Airlines, Inc.)*, 873 F.2d 264, 268 (11th Cir. 1989). A Congressional Report states:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his [or her] creditors. *It stops all collection efforts,* all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R. Rep. No. 95-595, at 340-41 (1977) (emphasis added).

"Section 362(a) also plays an important role in maintaining the status quo while the court exercises its authority over the debtor's assets, preventing some creditors from picking apart the debtor's estate to the detriment of other creditors." *134 Baker Street, Inc. v. Georgia*, 47 B.R. 379, 380 (N.D. Ga. 1984).

The general rule is that dismissal of the underlying bankruptcy case "usually results in dismissal of all remaining adversary proceedings." *Fidelity & Deposit Co. of Maryland v. Morris (In re Morris)*, 950 F.2d 1531, 1535 (11th Cir. 1992). This dismissal is not automatic, however, and the bankruptcy court has the discretion to retain jurisdiction under 11 U.S.C. § 349 based upon considerations of judicial economy, fairness and convenience to the litigants, and the degree of difficulty of the related legal issues involved. *See id.* at 1534-35. The Eleventh Circuit in *Morris* held that retention of jurisdiction was proper when the adversary proceeding had been pending for four years and was ready for trial. *Id.* at 1535. Courts have declined to retain jurisdiction in adversary proceedings based on alleged willful violations of the automatic stay once the underlying bankruptcy proceeding has been dismissed. *See Carroll v. Mazda American Credit (In re Carroll)*, 1996 WL 33402738 (Bankr. S.D. Ga. 1996) (finding that the exceptional circumstances needed to retain jurisdiction were not present to proceed with an adversary proceeding based upon repossession of a vehicle) and *Miller v. Commercial Credit Plan, Inc. (In re Miller)*, 1996 WL 33402741 (Bankr. S.D. Ga. 1996) (determining that retention of jurisdiction was not warranted especially in consideration that the bankruptcy proceeding was dismissed due to the debtors bad faith).

In this adversary proceeding, the alleged stay violation consists of one letter sent by Alagasco to the debtors post-petition. No further letters or follow-up actions were taken or have been alleged. While sending a letter to collect a pre-petition debt can be the basis for a willful violation of the automatic stay, it does not have the same debilitating affect on a debtor that could accompany, for example, a repossession or foreclosure of property which is necessary for an effective reorganization. Additionally, the debtors' underlying bankruptcy proceeding was dismissed due to their lack of participation in the proceeding by failing to attend the creditors' meeting and failing to timely commence payments. The adversary proceeding was initiated on the eve of the dismissal of the bankruptcy case and with knowledge that the dismissal was imminent. These circumstances lack any considerations of judicial economy, fairness and convenience to the litigants, and degree of difficulty of the legal issues that would support retention of jurisdiction in this proceeding and are not of the sort that § 362(k) is designed to remedy.

For the reasons stated here, the defendant's motion to dismiss this adversary proceeding for lack of subject matter jurisdiction is due to be granted. Accordingly, it is

ORDERED that the motion to dismiss is GRANTED and this adversary proceeding is hereby DISMISSED.

Done this 28th day of October, 2014.


/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c:      Debtors
        Anthony B. Bush, Attorney for Plaintiffs
        Paul D. Esco, Attorney for Plaintiffs
        Jonathan C. Hill, Attorney for Defendant
        Alabama Gas Corporation, Defendant
        Curtis C. Reding, Trustee